```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

Lisa Freeland,                      :

        Plaintiff,         : Case No.  2:09-cv-740

   v.                               :

Yolanda Russell, et al.             : JUDGE GEORGE C. SMITH
                                     Magistrate Judge Kemp
        Defendants.        :

OPINION AND ORDER

    On September 6, 2006 Plaintiff Lisa Freeland, a former prisoner at the Ohio Reformatory for Women,("ORW") filed a 42 U.S.C. §1983 action against Yolanda Russell and Mark Windle.  Ms. Russell and Mr. Windle, on September 8, 2004, were corrections officers at the ORW.  Ms. Freeland alleged that they violated her Eighth Amendment rights by failing to protect her when she was attacked by another inmate.  The parties filed a stipulation for voluntary dismissal without prejudice on August 22, 2008 and the Court approved the dismissal on August 25, 2008.

    Ms. Freeland filed the present action on August 24, 2009. Ms. Russell was dismissed from the case on December 2, 2010 because she was not served with process within 120 days after the complaint was filed.  Defendant Windle filed a motion for judgment on the pleadings on December 1, 2010.  Ms. Freeland filed a response on December 16, 2010 to which Mr. Windle replied on December 17, 2010.  For the following reasons, the Court will deny Mr. Windle's motion for judgment on the pleadings.

                                           I.

    A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such a

motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

## II.

The following statement of facts is taken from Ms. Freeland's complaint. On September 8, 2004 Ms. Freeland was an inmate at the ORW. Ms. Freeland alleges that she was attacked by another inmate and that Mr. Windle initially moved to intervene. However, Ms. Russell pushed him back and told him to "let them fight." Complaint, ¶s 6-8. The complaint does not indicate that Mr. Windle took further actions to stop the attack. As a result of the altercation, Ms. Freeland suffered injuries including permanent hearing loss and damaged teeth. Complaint, ¶s 10-12. She asserts that the defendants' actions violated her constitutional rights.

## III.

Mr. Windle argues in his motion for judgment on the pleadings that Ms. Freeland's claim is barred by the statute of limitations. Mr. Windle also argues that the complaint does not state a claim upon which relief can be granted and that he is entitled to qualified immunity.

### A. The Statute of Limitations

The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is the two-year statute of limitations found in Ohio Rev. Code §2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). The statute of limitations, because it has been "borrowed" from state law, also comes with certain state law provisions governing how it is to be applied. One of these provisions is the "savings statute," Ohio Rev. Code §2305.19,

which provides that following a dismissal for any reason other than on the merits, a plaintiff may refile the case within one year thereafter or within the original limitations period, whichever is later.  See Coleman v. Dep't of Rehab. and Corr., 46 Fed. Appx. 765, 769 (6th Cir. 2002) citing West v. Conrad, 481 U.S. 35, 39-40 n.6 (1987)(applying the Ohio savings statute to §1983 actions); see also Preston v. John Alden Life Ins. Co., 2006 WL 2010763, *3 (S.D. Ohio July 17, 2006).  The original statute of limitations period would have expired on September 8, 2006, had Ms. Freeland not filed the prior case.  Because that case was dismissed after the expiration of the original limitations period, if Ms. Freeland filed the present action more than one year after that case was dismissed, the savings statute would not apply and the claim would be time-barred.

   Here, the Court concludes that Ms. Freeland filed the present action within one year of the stipulation for voluntary dismissal.  The stipulation for voluntary dismissal of the previous case was effective when it was filed on August 22, 2008, because under Fed.R.Civ.P. 41(a)(1)(A)(ii), a stipulated dismissal does not require Court approval.  See SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 462 (5th Cir. 2010); cf. Anderson-Tully Co. v. Federal Ins. Co., 347 Fed. Appx. 171 (6th Cir. Sept. 23, 2009).  August 22, 2009 would seemingly have been the last day for Ms. Freeland to file this action, and Mr. Windle argues that it is time-barred because it was not filed by that date.

    However, if the last day of a limitations period is a Saturday, Sunday, or legal holiday the period runs until the next day that is not a Saturday, Sunday, or legal holiday.  See Fed. R. Civ. P. 6(a)(3); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997)(applying Rule 6(a) to borrowed state statute of limitations in a §1983 case).  Mr. Windle's motion fails to recognize that August 22, 2009 was a Saturday.  The next

day that was not a Saturday, Sunday or legal holiday was August 24, 2009, which is the day Ms. Freeland filed the present action. Thus, her claim is not time-barred.

B. Failure to State a Claim

Mr. Windle also argues that Ms. Freeland has failed to state a claim for failure to protect.  The Eighth Amendment generally prohibits prison officials from being "deliberately indifferent" to the health or safety of prison inmates and, as a result, causing them to suffer unnecessary or purposeless pain or injury. In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference.  It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety ...." Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

Officials present at the scene of an attack on an inmate by another inmate who do not intervene or act to end the assault may be deliberately indifferent. Williams v. Mueller, 13 F.3d 1214, 1216 (8th Cir. 1994).  However an officer may not be liable for failing to intervene when intervention would place the officer in danger of harm or could further inflame the situation. Williams v. Willits, 853 F. 2d 586, 591 (8th Cir. 1988); Arnold v. Jones, 891 F. 2d 1370, 1372 (8th Cir. 1989).

Failing to intervene would not be a violation of Ms. Freeland's rights if there are facts that justify the failure. Mueller, 13 F.3d at 1216.  The complaint itself does not allege

-4-

any facts that would justify a failure to intervene. While the complaint states that Mr. Windle "started to intervene," it does not state that he took any actions after Ms. Russell told him to "let them fight." Complaint, ¶8. If, as Ms. Freeland seems to allege, the officers took no further action to intervene, she states a claim for deliberate indifference. While the complaint is somewhat ambiguous, Mr. Windle is not clearly entitled to judgment as the standard for judgment on the pleadings requires.

Mr. Windle also argues that the doctrine of qualified immunity requires dismissal at this stage of the case. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Sixth Circuit has traditionally analyzed claims of qualified immunity under a three-part test. This test requires the Court to determine (1) whether a constitutional right was violated; (2) whether that right was clearly established such that a reasonable official would know that his conduct was unlawful; and (3) whether the official's actions were objectively reasonable under the circumstances. Vance v. Wade, 546 F.3d 774, 782 (6th Cir. 2008).

This framework has sometimes been condensed to two questions. See Nader v. Blackwell, 545 F.3d 459, 473 (6th Cir. 2008). First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?" Saucier v. Katz, 533 U.S 194, 201, 121 S.Ct. 2151, 2156 (2001). If not, the Court need go no further. Id.; see also Bukowski v. City of Akron, 326 F.3d 702, 708 (6th Cir. 2003). However, if a constitutional violation has occurred, the Court must answer the second

-5-

question, which is whether the right was clearly established. Saucier, 533 U.S. at 201.  "[W]hether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Although Saucier also held that the questions must be decided in this exact order, the Supreme Court recently retreated from that requirement and now allows the lower courts to decide the questions is either order.  See Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 821 (2009) ("the judges of the district courts and the courts of appeals are in the best position to determine the order of decision making [which] will best facilitate the fair and efficient disposition of each case"). However, the Supreme Court recognized that this framework will often continue to be beneficial in many cases involving qualified immunity.  Id. at 818.  Here, the Court sees no reason to depart from the traditional approach.  Accordingly, the Court will first turn to whether the facts, as alleged by the plaintiff and taken in the light most favorable to her, show that the defendant violated a right protected by the Eighth Amendment.

Ms. Freeland asserts Mr. Windle violated her right to be free from cruel and unusual punishment.  Ms. Freeland alleges that she was being attacked by another inmate in the presence of Officers Windle and Russell and that rather than protect Ms. Freeland, as they had a duty to do, the officers took no action to intervene.  As discussed above, courts have held that similar inaction in the presence of an inmate under attack constitutes deliberate indifference and is a violation of the prisoner's rights.  See Mueller, 13 F.3d at 1216.  Accepting Ms. Freeland's factual allegations as true, the Court cannot say that no constitutional violation occurred.

Having found a potential Eight Amendment violation here, the Court must next determine if a reasonable officer in the position

of the defendant could reasonably have been expected to know that his actions violated clearly established law. The duty to protect inmates from harm has been established by the Supreme Court of the United States at least since <u>Farmer</u> was decided in 1994. <u>Farmer</u> requires officials to respond reasonably to a known substantial risk to inmate health and safety. 511 U.S. at 844. Additionally, the duty to reasonably intervene to protect an inmate from another inmate had also been established by U.S. Courts of Appeals decisions prior to the occurrence of the events that triggered this case. <u>See</u> <u>Mueller</u>, <u>supra</u>. Consequently, the Court concludes that, based solely upon the allegations in the complaint, a reasonable officer in the position of the defendant would not have thought it permissible to fail to intervene to protect Ms. Freeland. Thus, at least at the pleading stage, qualified immunity does not require dismissal.

IV.

The Court will also address two additional motions here. First, it will deny Mr. Windle's motion to strike as moot because the document he has asked the Court to strike (#38) was not considered by the Court in ruling on the motion for judgment on the pleadings. Second, it will deny Ms. Freeland's motion for reconsideration of the dismissal of Ms. Russell (#39) because the prior Magistrate Judge's order did not purport to affect either the 120-day time limit found in Rule 4(m) or the later-filed motion to dismiss.

V.

Based on the foregoing reasons, the motions for judgment on the pleadings (#30), for reversal of decision (#39) and to strike (#40) are all DENIED.

/s/ George C. Smith  
George C. Smith  
United States District Judge

-7-